FRED KAMERA, *Appellee,* v. THE MISSOURI BOILER WORKS, *Appellant.*

No. 16,505.

SYLLABUS BY THE COURT.

INSTRUCTIONS—*Duty of Master to Furnish Safe Place to Work—Immaterial Error.* In a case where strict accuracy of expression required an instruction that it is the duty of an employer to *exercise ordinary care to* furnish his employees with a reasonably safe place in which to work, the omission of the words italicized is not ground of a reversal where the jury were also told that the employer is liable only for such injuries to his employees as result from his negligence and that negligence is the failure to use ordinary care.

Appeal from Wyandotte court of common pleas; HUGH J. SMITH, judge. Opinion filed May 7, 1910. Affirmed.

*Dana, Cowherd & Ingraham,* and *McCabe Moore,* for the appellant.

*Enright & Screechfield,* and *Edward C. Little,* for the appellee.

The opinion of the court was delivered by

MASON, J.: The Missouri Boiler Works, a corporation, appeals from a judgment recovered against it by Fred Kamera on account of personal injuries received

while in its employ. He was hurt by the falling of a scaffold on which he stood while at work. The defendant maintains that there was nothing in the evidence tending to show that it knew of any defect in the scaffold or that it had any better opportunity than the plaintiff to acquire such knowledge. We conclude, however, there was justification for a finding that the original construction, which was the work of the defendant, was negligent, and that the resulting insecurity was not obvious to the plaintiff.

Another ground upon which a reversal is asked is that the court gave an instruction which included the statement that "it is the duty of an employer . . . to furnish his employees with a reasonably safe place in which to work." Doubtless this definition was inaccurate, for the courts are agreed that the employer is not an insurer of the safety of the place in which his employees work, but is only bound to use ordinary diligence to make it safe. Yet the rule has often been stated in substantially the form adopted by the trial court. In a note in 6 L. R. A., n. s., 602, in which the cases bearing upon every phase of the matter are fully collected and classified, it is said of this diversity of expression:

"An examination of the opinions of the courts on the subject . . . discloses that these different forms of statement of the rule are often used interchangeably and as meaning practically the same thing. The tendency to disregard or ignore the difference between these two forms frequently manifests itself in different cases decided by the same court. Sometimes a single case, even, will afford inherent evidence that the court regarded these different statements merely as different forms of the same rule, and did not regard the variation in phraseology as affecting the measure of the master's duty." (Page 603.)

That note (p. 605) cites many decisions reversing judgments on account of the instruction here complained of, and others (p. 608) refusing to do so be-

28—82 KAN.

cause the rule was accurately stated elsewhere in the charge. In the case annotated (*Armour & Co. v. Russell*, 75 C. C. A. 416) that consideration was held ineffectual to cure the error, the court making an extreme application of the doctrine of presumed prejudice, saying:

"The presumption . . . is that error produces prejudice. It is only when the fact so clearly appears as to be beyond doubt that an error challenged did not prejudice, and could not have prejudiced the complaining party, that the rule that error without prejudice is no ground for reversal is applicable." (Page 417.)

In the present case the jury were told in effect that a recovery depended upon the proof of negligence in the construction or maintenance of the scaffold, and that by negligence was meant a failure to exercise ordinary care. We can not believe they were misled as to the true measure of the defendant's responsibility. An instruction asked by the defendant contained the phrase "under the law defendant was only obligated to furnish plaintiff with a reasonably safe place to work." A new trial ought not to be granted merely because the instructions include an expression which, although not strictly accurate, has been repeatedly used by reviewing courts.

The judgment is affirmed.