WALTER F. CARROLL, *Appellee,* v. THE KANSAS BUFF BRICK AND MANUFACTURING COMPANY, *Appellant.*

No. 17,896.

HEADNOTE BY THE REPORTER.

NEGLIGENCE—*Personal Injuries—Safe Place to Work.* Where the jury on conflicting evidence find that a brick company was guilty of negligence in not providing its employee with a reasonably safe place to work, the verdict and judgment based thereon will not be disturbed.

Appeal from Wilson district court. Opinion filed January 11, 1913. Affirmed.

*L. C. Boyle, Glen L. Brunner,* and *Jos. S. Brooks,* all of Kansas City, Mo., and *Frank C. Wade,* of Fredonia, for the appellant.

*E. D. Mikesell,* of Fredonia, for the appellee.

*Per Curiam:* This action was brought by the appellee to recover damages for personal injuries alleged to have occurred to him through the fault of appellant in failing to provide for appellee a reasonably safe place to work while the appellee was wheeling brick for, and as an employee of, appellant.

The first contention of appellant is that the evi-

dence of the appellee was not sufficient to support the verdict, and that the court should have instructed the jury to return a verdict for the appellant. The appellee had been at work but a few hours for the appellant when the accident occurred, and, it appears, had little opportunity to observe whether or not the place over which he was required to cart the brick with a wheelbarrow was a reasonably safe place in which to do that work.

It does appear from the evidence, however, that other workmen had made complaint shortly before the accident, to the wheeling boss in charge of the work being done by the appellee, as to the condition of the runways, and that the boss would not permit the workmen to stop and adjust them. But the boss told complainants that if they did not like the job they could quit, or simply laughed at the complaint, and asked one if he had life insurance; that the witness also made complaint to the superintendent, and no change was made until after the accident to appellee occurred; that after the accident in question repairs and changes were made.

Again, it is contended that the court erred in instructing the jury that it was the duty of appellant to furnish appellee a reasonably safe place to work, but that the instruction should have been that it was the duty of appellant to use reasonable diligence to furnish the appellee a reasonably safe place to work. In the third instruction given by the court the exact language contended for is used as an express limitation upon the liability of appellant. It reads as follows:

"A corporation is only required to exercise reasonable and ordinary care and prudence in providing the employees places and instrumentalities reasonably safe to work with or at. And it will be presumed in the first instance, in the absence of anything to the contrary, that the corporation has done its duty in that regard."

This removes the basis of appellant's criticism. (*Kamera v. Boiler Works*, 82 Kan. 432, 108 Pac. 806.)

The usual defenses in cases of personal injuries, viz.: assumption of risk, contributory negligence, and fault of fellow servant, have all been urged by the appellant. We have examined each of the claims and think there is no error in the proceedings or judgment.

The judgment is affirmed.